# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUDY LARSON,<br><br>   Plaintiff,<br><br>v.<br><br>CLARK COUNTY, a political subdivision of the STATE OF NEVADA,<br><br>   Defendant. | 2:11-CV-879 JCM (PAL) |

## ORDER

Presently before the court is defendant Clark County's motion for summary judgment. (Doc. #18). Plaintiff Judy Larson filed an opposition. (Doc. #19). Defendant then filed a reply. (Doc. #23).

On May 31, 2011, plaintiff filed the instant action against Clark County, alleging various Title VII and state law claims. (Doc. #1). Specifically, plaintiff's complaint asserts seven causes of action: (1) gender discrimination, (2) age discrimination, (3) hostile work environment, (4) retaliation, (5) concerted action, (6) breach of contract, and (7) negligent and intentional infliction of emotional distress. (Doc. #7).

Plaintiff began working for Clark County as an animal control officer in 1991. (Doc. #7). The complaint asserts that, beginning in 2007, defendant and others subjected plaintiff to disparate treatment, harassment, discrimination, and retaliation. (Doc. #7). In 2007, plaintiff filed a charge

**James C. Mahan**
**U.S. District Judge**

1   of discrimination with the Nevada Equal Rights Commission ("NERC").  (Doc. #7).

2       Plaintiff and defendant entered into a negotiated settlement agreement on February 27, 2008.
3   (Doc. #7).  Pursuant to the settlement agreement, plaintiff (1) agreed to withdraw her charge of
4   discrimination; (2) agreed not to sue defendant for anything relating to her charge of discrimination
5   or employment prior to March 4, 2008; and (3) voluntarily accepted a demotion/reassignment to the
6   position of offset duplicating officer.  (Doc. #18, Ex. G).  Plaintiff now asserts that defendant "never
7   intended to honor its agreement and, in fact, set the plaintiff up for failure."  (Doc. #7).

8       After the negotiated settlement agreement, plaintiff continued to receive discipline and
9   unsatisfactory performance evaluations in her new position as an offset duplicating officer.
10  Defendant terminated plaintiff from her job on January 16, 2009.  Plaintiff then filed a second charge
11  with the NERC, alleging retaliation.  Specifically, plaintiff asserts that after she filed her first charge
12  with the NERC, she was assigned to a position for which she had no experience, was not qualified,
13  was not properly trained, and "could do nothing else but fail."  (Doc. #18, Ex. O).

14  **Summary judgment standard**

15      Summary judgment is appropriate when, viewing the facts in the light most favorable to the
16  nonmoving party, there is no genuine issue of material fact which would preclude summary
17  judgment as a matter of law.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV.
18  P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W.*
19  *Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987).  The purpose
20  of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there
21  is a genuine need for trial."  *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers*
22  *v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

23      The moving party bears the burden of informing the court of the basis for its motion, together
24  with evidence demonstrating the absence of any genuine issue of material fact.  *Celotex Corp. v.*
25  *Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002)
26  (expressing the standard for authentication of evidence on a motion for summary judgment).  Once
27  the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; FED. R. CIV. P. 56(c).

**Negotiated settlement agreement**

The negotiated settlement agreement broadly consists of three sections: (1) defendant's obligations, (2) plaintiff's obligations, and (3) enforcement mechanisms. (Doc. #18, Ex. G). The first section, paragraphs one through seven, details defendant's obligations. (Doc. #18, Ex. G). These obligations include reassigning plaintiff to the offset duplicating operator position, removing a performance improvement plan and a final written warning from plaintiff's personnel file, and not disclosing the terms of the negotiated settlement agreement. (Doc. #18, Ex. G, ¶¶ 1-7). The negotiated settlement agreement does not specify a minimum number of hours of training which defendant was required to provide plaintiff.

The second section of the negotiated settlement agreement, paragraphs eight through sixteen, details plaintiff's obligations. (Doc. #18, Ex. G). These obligations include accepting the reassignment to the offset duplicating operator position, withdrawing plaintiff's charge at the NERC, and releasing and waiving all claims against defendant for anything relating to plaintiff's charge of discrimination or employment prior to March 4, 2008. (Doc. #18, Ex. G, ¶¶ 8-16). Further, paragraph nine states that plaintiff would have to complete a training program of "up to 1040 hours." (Doc. #18, Ex. G, ¶9). Similarly, paragraph ten provides that plaintiff would have to complete a qualifying period of "up to 1040 hours." (Doc. #18, Ex. G, ¶10). Neither paragraph nine nor paragraph ten specifies the minimum number of hours required for the training program or qualifying period.

Finally, the third section of the negotiated settlement agreement states that the agreement may be specifically enforced in court and may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this agreement. (Doc. #18, Ex. G).

. . .

. . .

**Gender discrimination, age discrimination, and hostile work environment claims**

The instant motion for summary judgment asserts that plaintiff's gender discrimination, age discrimination, and hostile work environment claims are barred by the negotiated settlement agreement. (Doc. #18). In response, plaintiff asserts that defendant did not perform under the negotiated settlement agreement and, therefore, cannot rely on the releases and waivers in the agreement to preclude the claims at issue. (Doc. #19). Plaintiff argues that defendant has not performed as required under paragraphs 9, 10, 11, 15, and 16 of the negotiated settlement agreement. (Doc. #19).

The negotiated settlement agreement specifies that paragraphs eight through sixteen are plaintiff's obligations under the agreement, whereas paragraphs one through seven are defendant's obligations under the agreement. (Doc. #18, Ex. G). Therefore, pursuant to the clear terms of the settlement agreement, defendant had no obligations under paragraphs 9, 10, 11, 15, and 16. Further, plaintiff has not alleged that defendant breached any of defendant's obligations under paragraphs one through seven of the negotiated settlement agreement.

Plaintiff has not established that defendant breached its obligations under the negotiated settlement agreement. Therefore, defendant can rely on the waiver and release provisions in the negotiated settlement agreement, and plaintiff cannot bring any claims foreclosed by the negotiated settlement agreement.

**Retaliation claim**

Further, plaintiff's retaliation claim does not survive the instant motion for summary judgment. To establish a retaliation claim, plaintiff must prove: (1) she was engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal link between her protected activity and the adverse employment action. *Bergene v. Salt River Project Agr. Imp. and Power Dist.*, 272 F.3d 1136, 1140 -41 (9th Cir. 2001).

Plaintiff argues that she has established a genuine issue of fact on her retaliation claim because there was a lack of agreed-upon training and questions about defendant's performance under the negotiated settlement agreement.

James C. Mahan
U.S. District Judge

1  As discussed above, plaintiff has not demonstrated a genuine issue of material fact that
2  defendant breached the negotiated settlement agreement. The negotiated settlement agreement did
3  not specify a minimum amount of training which defendant was required to provide plaintiff.
4  Further, plaintiff has not demonstrated that defendant breached any of its obligations pursuant to
5  paragraphs one through seven of the negotiated settlement agreement. Thus, plaintiff has not
6  demonstrated a genuine issue of material fact which would preclude summary judgment on the
7  claims at issue in the instant motion. *Bagdadi*, 84 F.3d at 1197.

8  Accordingly,

9  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Clark County's
10 motion for summary judgment on plaintiff's gender discrimination, age discrimination, hostile work
11 environment, and retaliation claims (doc. #18) be, and the same hereby is, GRANTED.

12 DATED May 24, 2012.

_____
UNITED STATES DISTRICT JUDGE